IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LYNN THOMPSON,** individually and on behalf of all persons similarly situated, | Civil Action No.: |
| | Complaint— Class and Collective Action |
| **Plaintiff,** | Jury Trial Demanded |
| v. | ELECTRONICALLY FILED |
| **PEAK ENERGY SERVICES USA, INC.** | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Christopher Lynn Thompson ("Thompson"), by and through his undersigned counsel, individually and on behalf of all persons and similarly situated, files this Complaint against Defendant Peak Energy Services USA, Inc., seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Pennsylvania law.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claim occurred within this judicial district and Defendant does business in this district.

## PARTIES

4.      Plaintiff Christopher Lynn Thompson is an individual currently residing in Arkansas.  He worked for Defendant Peak Energy Services USA, Inc., in the Mount Morris, Pennsylvania, among other locations, between approximately August 2010 and October 2011, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.  Plaintiff has been employed as a non-exempt day rate employee with Defendant, performing manual labor on oil rigs.  Plaintiff was paid a daily rate that did not take into account hours worked in a workweek or overtime hours.  Plaintiff also received a set weekly amount that did not take into account hours worked in a workweek or overtime hours.

5.      Defendant Peak Energy Services USA, Inc. ("Peak Energy") is a Delaware corporation that operates throughout the United States, including in this judicial district.  Peak Energy is a diversified energy services organization that provides drilling and production services to its customers in the conventional and unconventional oil and natural gas industry.

6.      Defendant Peak Energy employed Plaintiff and similarly situated employees.

7.      Defendant Peak Energy employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8.      Peak Energy's annual gross volume of business exceeds $500,000.

9.      Peak Energy is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

10.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of the following class of potential opt-in litigants:

> All individuals who are current or former employees of Peak Energy USA, Inc. ("Peak Energy") who performed work for Peak Energy in the United States at any time between February 20, 2010 and the present, and who were classified as nonexempt and paid pursuant to a daily and/or weekly rate compensation system (a "Day Rate Employee"), including but not limited to Solids Control Technicians and those in similarly titled positions (the "FLSA Class").

11. Plaintiff also brings this lawsuit for Counts Two through Four as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> All individuals who are current or former employees of Peak Energy USA, Inc. ("Peak Energy") who worked in Pennsylvania at any time between February 20, 2010[1] and the present, and who were classified as nonexempt and paid pursuant to a daily and/or weekly rate compensation system (a "Day Rate Employee"), including but not limited to Solids Control Technicians and those in similarly titled positions (the "Pennsylvania Class").

12. Plaintiff reserves the right to re-define the Class(es) prior to notice or class certification, and thereafter, as necessary.

## FACTS

13. From August 2010 to October 2011, Plaintiff was employed as a Solids Control Technician with Defendant at its Mount Morris, Pennsylvania location, among others.

14. Solids Control Technicians and Day Rate Employees with similar titles who work for Defendant are primarily engaged in manual labor duties such as unloading, handling, hooking up and maintenance of oil and gas drilling equipment, such as fluid lines and air compressors.

15. The rigs on which Plaintiff and the Class work are not used as a means of transportation.

16. Defendant has a policy or practice of failing to compensate Plaintiff and similarly situated employees for all overtime hours worked.

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is four years. Accordingly, Count IV of the Complaint goes back to February 20, 2009.

17. Plaintiff and the Class are paid a daily rate. In addition, Plaintiff and the Class are paid a set amount for each week worked. Neither the day rate nor the week rate pay take into account the number of hours worked by these non-exempt employees in a given workweek.

18. Plaintiff and the Class are classified as non-exempt from the overtime pay mandates of the FLSA.

19. Plaintiff and the Class often work in excess of forty hours per week each week.

20. In particular, Plaintiff estimates that he worked in excess of twelve hours per day, seven days per week, on average.

21. Defendant did not pay Plaintiff and the Class overtime compensation for hours worked over forty per workweek.

22. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiff and the Class for hours worked in excess of forty during the workweek.

23. Based on information and belief, on or around July 2011, Defendant changed its practices and began to pay its Solids Control Technicians and Day Rate Employees overtime compensation when they worked over forty hours per week. Defendant has never paid Solids Control Technicians or Day Rate Employees for unpaid back wages owed to them.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as described above.

25. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

26. Plaintiff and the Class are "similarly situated," as that term is used in 29 U.S.C. §

216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

27. Specifically, Defendant paid Plaintiff and the Class a set amount of pay per day, plus a set amount per week, regardless of the number of hours worked, and failed to pay overtime compensation as required by law.

28. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Defendant employs many Day Rate Employees throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

29. Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class, as defined above.

30. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.  Based on information and belief, the number of Pennsylvania Class members exceeds fifty individuals.

31. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the

Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

32.    There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate Pennsylvania law through its policy or practice of not paying its non-exempt day rate employees overtime compensation; whether Defendant's conduct was willful; and the nature and extent of relief.

33.    Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

34.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

35.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendant's own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

36. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

37. Without a class action, Defendant will likely retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

40. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek.  *See* 29 C.F.R. § 778.112.

7

41. Defendant's compensation scheme applicable to Plaintiff and the Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

42. Defendant knowingly failed to compensate Plaintiff and the Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

43. During all relevant times, Plaintiff and the Class were covered employees entitled to the above-described FLSA protections.

44. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act

45. All previous paragraphs are incorporated as though fully set forth herein.

46. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

47. The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek. *See* 34 Pa. Code. § 231.43(b).

48. Defendant's compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code. § 231.43(b).

49. Defendant knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours

8

per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

50. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

51. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law

52. All previous paragraphs are incorporated as though fully set forth herein.

53. The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees.  *See* 43 P.S. § 260.3.

54. Defendant has intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3.

55. Defendant is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit.

56. Defendant does not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

57. Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

58. Defendant violated Pennsylvania law by failing to pay Plaintiff and the

Pennsylvania Class for all compensable time and by failing to pay Plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
### Unjust Enrichment

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Defendant has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

61. At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

62. Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

63. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

64. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others

similarly situated:

    A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

    C.    An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

    D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    D.    Liquidated damages to the fullest extent permitted under the law;

    E.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    F.    Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated:  February 20, 2013                          Respectfully submitted,

                                                        BERGER & MONTAGUE, P.C.

                                                        <u>/s Sarah R. Schalman-Bergen</u>
                                                       Shanon J. Carson (PA 85957)
                                                       Sarah R. Schalman-Bergen (PA 206211)
                                                       Isabel Daniels (PA 313898)
                                                       1622 Locust Street
                                                       Philadelphia, PA  19103
                                                       (215) 875-3000
                                                       (215) 875-4604 (Facsimile)
                                                        scarson@bm.net
                                                        sschalman-bergen@bm.net

        David A. Hughes (ASB-3923-U82D)
        HARDIN & HUGHES, LLP
        2121 14th Street
        Tuscaloosa, AL 35401
        (205) 344-6690
        (205) 344-6188 (Facsimile)
        dhughes@hardinhughes.com

*Attorneys for Plaintiff*