IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LYNN THOMPSON, ) <br> individually and on behalf of all persons ) <br> similarly situated, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEAK ENERGY SERVICES USA, INC., ) <br>     Defendant. ) | Civil Action No. 13-0266 <br> United States Magistrate Judge <br> Cynthia Reed Eddy |

**ORDER GRANTING MOTION TO FACILITATE NOTICE
PURSUANT TO 29 U.S.C. § 216(b) (ECF NO. 28)
AND PROVISIONALLY CERTIFYING FLSA CLASSIFICATION
FOR PURPOSES OF NOTICE TO POTENTIAL PLAINTIFFS**

AND NOW, this 4th day of September, 2013, upon consideration of Plaintiff's Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 28) , Defendant's response thereto, and all supporting affidavits, documents and briefs, the Motion is GRANTED in Part and DENIED in Part.

**Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 28)**

Plaintiff Christopher Lynn Thompson asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") seeking unpaid overtime wages on behalf of himself and "all current and former employees of Defendant [Peak Energy Services USA, Inc.] who were paid pursuant to a salary plus day rate compensation system ("Day Rate Employees" or "DREs"), including but not limited to Solids Control Technicians, Rental Coordinators, Service Quality Coordinators, Training Coordinators, and those in similarly titled positions." Motion to Facilitate, Proposed Order (ECF No. 28-1). Plaintiff moves this Court for authorization to

1

proceed as a collective action on his claims and for an Order directing the Notice attached as Exhibit 1 (ECF No. 28-2) be issued to potential FLSA plaintiffs to alert them of their right to file an Opt-In Consent Form to join the FLSA lawsuit. To date, three additional individuals have filed Opt-In Consent Forms, each of them a Solids Control Technician ("SCT").

Through the Complaint and the evidence currently before the Court, Plaintiff has made the requisite "modest factual showing" that he is "similarly situated" to other SCTs, but not to Rental Coordinators, Service Quality Coordinators, Training Coordinators, or those in "similarly titled positions." Plaintiff's Declaration states that: he "was employed by Peak as a Solids Control Technician from approximately August 2010 to October 2011"; that to the best of his "knowledge, and based on working with other Solids Control Technicians, all of Peak's Solids Control Technicians were engaged in similar, or the same, job duties"; and that to the best of his knowledge and based on his communications with other SCTs and SCT Supervisors, all of defendant's SCTs were similarly paid prior to June 2011, in the manner he alleges violated the FLSA. Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b), Exhibit 3, Declaration of Christopher Lynn Thompson, (ECF No. 28-4), at ¶¶ 5-8.

Similarly, the attached Declarations of the three Opt-in Plaintiffs and another employee indicate they too were SCTs, and that, to the best of their knowledge from working and communicating with other SCTs and their Supervisors, all SCTs performed similar duties and were similarly paid. Declarants do not purport to have any knowledge about the duties or method of paying any other category of Peak Energy employees. Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b), Exhibits 4-6, Declarations of Derek Metalsky, Tony Allen, Allan Hackett and Robert Proctor (ECF No. 28-5-8).

Mr. Proctor is currently a named Plaintiff, along with Mr. Hackett, Dennis Proctor and Jake Wilson, in an FLSA action filed against Peak Energy in the Middle District of Pennsylvania. Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b), Exhibits 9-10, (ECF No. 28-10-11). Filed initially as a collective "on behalf of" action, the Amended Complaint dropped any class claims and raised only individual FLSA claims. In their Amended Complaint, these individual Plaintiffs allege that prior to June 2011, while they were employed by Peak Energy as SCTs, they were assigned to various gas and oilfields throughout Pennsylvania but not paid overtime premium compensation for working more than 40 hours per week. The Proctor Complaint does not speak to other categories of workers. The Magistrate Judge assigned to that case has recommended it be transferred to the Western District of Pennsylvania, as the Thompson action was first-filed. Notice of Report and Recommendation for Transfer of Related Case Pursuant to 28 U.S.C. § 1404(a). (ECF No. 32).

In his Reply Brief (ECF No. 38), Plaintiff adds, in a footnote, that "all non-exempt employees who were paid some combination of salary and lump sum amounts and who were subject to Defendant's change to hourly pay on or around June 10, 2011 . . . . include Solids Control Technicians, Rental Coordinators, Service Quality Coordinators, and Training Coordinators." *Id.* at 1, n.1. This statement is "[b]ased on a review of Defendant's payroll records . . . ." "Defendant's payroll records" are not part of the record before the Court, however, nor were they included in the Exhibits Plaintiff filed in support of his Reply Brief. (ECF No. 39). The only payroll records that have been submitted are three "Payroll Solids Timesheets" for one individual SCT, Derek Metalsky. Motion to Facilitate, Exhibit 12 (ECF No. 28-13).

Thus, the only evidence currently before the Court supports a collective action on behalf of SCTs employed prior to June 2011 (when the pay structure was changed), but there is no evidence about Rental Coordinators, Service Quality Coordinators, Training Coordinators, and those in similarly titled positions or the manner in which they were paid. At this juncture, therefore, the Court cannot include them in its certification for Notice purposes. *See Symczyk v. Genesis HealthCare Corp.,* 656 F.3d 189, 192-93 (3d Cir. 2011). Pursuant to *Hoffman-LaRoche v. Sperling*, 439 U.S. 165 (1989), the provisional certification of an FLSA Plaintiff class is for Solids Control Technicians *only*, and the Notice must be modified accordingly. The proposed Notice of Collective Action Lawsuit ("Notice") and Opt-In Consent Form submitted by Plaintiff, Motion to Facilitate, Exhibit 1 (ECF No. 28-2), is sufficient and consistent with others found proper in this District, although it must be modified to reflect the Court's ruling limiting the provisional certification to SCTs.

The Court agrees with Plaintiff that, for the most part, "Defendant's primary challenge to Plaintiff's motion amounts to a challenge to the merits, which is legally irrelevant to the conditional certification issue, and inappropriate for a court to consider during the stage one certification analysis." Plaintiff's Reply Brief (ECF No. 38), at 2. Consideration of the merits may have to be addressed at a later stage of the case, but it is premature to address the merits now.

THEREFORE, it is HEREBY ORDERED that:

1. Plaintiff's FLSA claim may proceed as a collective action.

2. Plaintiff's proposed Notice and Opt-In Consent Form, attached as Exhibits 1 and 2, respectively, to Plaintiff's Motion are approved (as limited by the Court) to be sent to all current and former Solids Control Technician employees of Peak who were paid pursuant to a salary plus day rate compensation system ("Day Rate Employees" or "DREs"), at any time from February 20, 2010 to June 10, 2011 via U.S. First Class Mail and electronic mail. As Plaintiff agrees, said Notice shall also be modified to include the phrase "Peak Energy Services contends that it paid overtime in accordance with the law." Reply Brief (ECF No. 38), at 4, n. 6.

3. Plaintiff may choose to appoint a third-party notice administrator to administer and oversee the mailing of the Notice and Opt-In Consent Form to the FLSA Class.

4. Counsel are instructed to meet and confer within seven (7) days, to discuss Plaintiff's request that Defendant provide an electronic database of the names, last known mailing addresses, last known e-mail addresses, last known telephone numbers, dates of work, and Social Security Numbers of all members of the potential class. Plaintiff should consider narrowing his request and both sides should discuss methods of maintaining the confidentiality of any such information provided by Defendant, including, as Defendant suggests in its Brief in Opposition to Motion to Facilitate (ECF No. 33), at 16, providing the information solely to the third-party administrator.

5. Plaintiff shall cause the Notice and Opt-In Consent Form to be sent to all members of the FLSA Class who have not already filed Opt-In Consent Forms on the docket within ten

business days of receiving the electronic database. Plaintiff may undertake reasonable efforts to attempt to locate members of the FLSA Class for whom notices are returned as undeliverable.

6. Defendant must post a copy of the Notice in appropriate, conspicuous, visible and accessible places at each of its facilities, where it will be seen by current FLSA class members. Defendant argues only that "there is no need to disturb the workplace by posting this notice. Doing so could only serve to inflame current employees who may have no actual or potential role in the litigation." Defendant's Brief in Opposition (ECF No. 33), at 17. The Court accepts Plaintiff's argument that any "workplace disturbance" caused by posting the Notice is justified given "the nature of the jobs that the potential Opt-In Plaintiff typically work [which] require them to be away from their homes for months on end" and "many workers may not receive their mail, or will not receive it on a timely basis." Plaintiff's Reply Brief (ECF No. 38), at 3.

7. All potential class members shall be provided with sixty (60) days from the date of mailing the Notice and Opt-In Consent Form to "opt-in" to this lawsuit.

8. All Opt-In Consent Forms will be deemed to have been filed with the Court the date that they are stamped as received, and Plaintiff's Counsel will file them electronically on the docket on a weekly basis.

**Motion for an Expedited Briefing Schedule and Equitable Tolling (ECF No. 30)**

Plaintiff also filed a Motion for an Expedited Briefing Schedule and Equitable Tolling of the Statute of Limitations Pending Resolution of Plaintiff's Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b), (ECF No. 30), requesting that the Court direct Defendants to respond to his Motion to Facilitate expeditiously. In addition, the Motion for an Expedited Briefing Schedule and Equitable Tolling requests an Order stating that "[t]he statute of limitations on potential opt-in Plaintiffs' FLSA claims are equitably tolled until this Court rules on the Notice Motion." Motion for an Expedited Briefing Schedule and Equitable Tolling, Proposed Order (ECF No. 30-1).

This Motion is DENIED as moot.[1]

SO ORDERED.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel

---

[1] The Court notes that in footnote 9 of his Reply Brief, Plaintiff "respectfully requests that the Court order that the statute of limitations be tolled for all potential Opt-In Plaintiffs, *consistent with Plaintiff's motion for equitable tolling*. (Dkt. No. 30)." Reply Brief (ECF No. 38), at 5, n.9. Any request for some affirmative action or relief from the district court should be set forth in a motion, not contained within some other document, such as a response to another defendant's motion, and must be accompanied by a Proposed Order of Court. LCvR 7; see also Magistrate Judge Eddy's Practices and Procedures at http://www.pawd.uscourts.gov/ Documents/Judge/eddy/eddy_pp.pdf. A party cannot expect relief to be granted when it is contained within a brief or a response to another party's motion. Even if the Court were to entertain the request, Plaintiff requests relief "consistent with Plaintiff's motion for equitable tolling," i.e., to toll the statute of limitations "until the Court rules on the Notice Motion."