IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LYNN THOMPSON, individually and on behalf of all persons similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>PEAK ENERGY SERVICES USA, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-0266<br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM AND ORDER**

Defendant, Peak Energy Services USA, Inc. ("Peak Energy") has filed a Motion To Dismiss Untimely Consents (ECF No. 70), which seeks to dismiss claims of any current or former Peak Energy employee whose Consent to Join Collective Action ("Opt-In Consent") was not received by the Notice Administrator on or before the cut-off date of December 17, 2013. Peak Energy does not challenge one hundred and thirteen Opt-In Consents that were submitted before that date; however, Peak Energy challenges twenty-three additional Opt-In Consents that appear to have been submitted shortly after the deadline.

The Notice of the Collective Action informed potential Opt-Ins that their Consent forms had to be postmarked by December 17, 2013. While the consent forms signed by three of the challenged Opt-In Plaintiffs seem to have been marked "received" by the Notice Administrator on December 17, 2013, the remaining 19 notices were filed after the close of the 60 day opt-in period with no indication that they had been timely received. Plaintiffs did not seek an enlargement of the opt-in period or leave of Court to

1

file late Consents, nor did Plaintiffs offer any explanations for filing Opt-In Consents received or postmarked after December 17, 2013.

Peak Energy acknowledges that the FLSA does not specify the time period within which a person must opt-in to a collective action, and recognizes that the deadline is set by the court and that district courts have discretion to determining whether to allow untimely opt-ins to join a collective action. Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss Untimely Consents (ECF No. 71), at 4 (citations omitted). Courts which have considered requests to extend deadlines for filing proofs of claim and other class action settlement documents have generally subjected such requests to a "good cause" analysis. *In re Cendant Corp. Prides Litig.,* 189 F.R.D. 321, 323 (D.N.J. 1999), *aff'd* 233 F.3d 188 (3d Cir. 2000) (citing *Kyriazi v. Western Elec. Co.*, 647 F.2d 388, 396 (3d Cir. 1981) (affirming trial court's application of good cause standard to claims of plaintiffs who failed to opt-in to settlement by deadline)).

The determination of whether one party's failure to adhere to a deadline is excusable should take into account all relevant circumstances surrounding the delay. *See Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See also Camesi v. Univ. of Pittsburgh Med. Ctr.*, 2009 WL 4573287, *2 (W.D.Pa. 2009) ("Courts in this Circuit have analyzed untimely opt-in requests under the 'excusable neglect' and 'good cause' standards.") (citing *Dasilva v. Esmor Correctional Servs., Inc.,* 2006 WL 197610, *2–3 (3d Cir. 2006) (noting that "courts typically analyze late claims in class actions under the rubric of . . . excusable neglect," and citing decision in FLSA

action to similar effect) (citations and internal quotations omitted)). Relevant factors to consider include the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*. at 395. *See also In re Cendant Corp. Prides Litig.,* 189 F.R.D. at 323-24 (collecting "excusable neglect" cases).

Peak Energy argues that Plaintiffs have not offered any explanation as to why the Court should permit the late consent forms to be filed, failed to articulate why "good cause" existed for filing any particular consent, and that in the absence of any "good cause," the late consents should be dismissed as untimely. Although Plaintiffs did not initially accompany the additional Opt-In Consents with a motion for leave to file setting forth good cause to excuse the delay, Plaintiffs have now responded (in some detail and with numerous supporting affidavits and other documents) that the Disputed Opt-In Plaintiffs have demonstrated good cause for any delay in filing: many of the Disputed Opt-In Plaintiffs "were away from their homes" for work, "did not receive the notice by mail, or were affected by unavoidable delays in the U.S. Postal Service." Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss Untimely Consents (ECF No. 74), at 2. Plaintiffs also correctly observe that the amount of time that has passed from postmark cut-off to submission of the additional Opt-In Consents is *de minimis*, that there have been no substantive settlement negotiations or dispositive motions, and that Defendant has not been prejudiced by the late filings in any discernible

way. Plaintiffs also observe that judicial economy is served by permitting the late Opt-Ins Consents, since if the Court granted Peak Energy's Motion, the Disputed Opt-In Plaintiffs would be entitled to file a new complaint (or complaints) in federal court asserting their FLSA claims.

The Court agrees with Plaintiffs and, in the exercise of reasoned discretion, will permit the additional Opt-In Consents over Peak Energy's challenge. In light of the *de minimis* nature of the timeliness infraction, the lack of any real prejudice to Peak Energy and the reasons attested to by the Disputed Opt-In Plaintiffs for their slight tardiness, Peak Energy's motion to dismiss will be denied. *See Kelley v. Alamo*, 964 F.2d 747, 749-50 (8th Cir. 1992) ("a generous reading [of the FLSA] . . . is also appropriate when considering issues of time limits and deadlines."); *Moya v. Pilgrim's Pride Corp.*, 2006 WL 3486739, *2 (E.D.Pa. 2006) (court finds "good cause exists to excuse three of the opt-ins' untimely consents, and that inclusion of these three people in the suit does not prejudice the defense") (citing, *inter alia, Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (D.C.Ill. 1982) ("we should not become slaves of that deadline beyond its reason for existence. All seven new plaintiffs sought to be admitted into this action within approximately one month after the deadline and appear to have reasonable excuses for failing to meet the timetable. Defendants have not shown any real prospect of prejudice from permitting these additional plaintiffs. Individual discovery for any particular plaintiff is minimal, and trial is still a few months away. And it should be remembered that in at least some of the cases the alternative may be to force the filing of individual

lawsuits - scarcely productive of economy either for the litigants or for the courts."); *Thompson v. Linda And A., Inc.,* 779 F.Supp.2d 139, 143 (D.D.C. 2011) ("Court finds that the untimely opt-in consents should be accepted as filed as of the date that they were submitted to the Court."); *Robinson-Smith v. Gov't Employees Ins. Co.*, 424 F.Supp.2d 117, 123-124 (D.D.C. 2006) ("The addition of four opt ins will not substantially prejudice the defendant and is consistent with a broad and flexible reading of the [FLSA] and with the Court's discretion in these matters."). *Cf. Camesi*, 2009 WL 4573287, *1 ("None of the precedent reviewed by the Court has contemplated a putative collective action member opting in, untimely and through separate counsel, to assert claims under a conditionally certified FLSA action. Rather, and consistent with the Notice approved by this Court, the case law anticipates a putative plaintiff filing a separate lawsuit.").

For the foregoing reasons,

IT IS HEREBY ORDERED that Peak Energy's Motion To Dismiss Untimely Consents (ECF No. 70) is DENIED.

February 26, 2014

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel